

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 25, 1974

The Honorable Neal E. Birmingham
Criminal District Attorney
Box 555
Linden, Texas

Opinion No. H- 354

Re: Whether County Commis-
sioners Court may contract
with the brother of a commis-
sioner to purchase gasoline.

Dear Mr. Birmingham:

Your request for our opinion concerns the propriety of a county purchase of fuel from a corporation owned by the brother of one of the county commissioners, in which the commissioner owns no interest. You have advised us and your county commissioners that, in your opinion, it is not illegal for the commissioners to purchase fuel from a corporation owned by the brother of one of them. You have cited a number of Attorney General Opinions and particularly Opinion O-2856 (1940), in which it was said, with reference to Article 373, V. T. P. C. :

> The above statute was construed in Rigby v. State, by the Court of Appeals, 10 S. W. 761, in which it was declared that manifestly, the Legislature in enacting the statute, intended thereby to protect counties, cities and towns from official peculation. Whether a commissioner is 'pecuniarily interested' as the term is used in the statute, is generally a question of fact. As disclosed in your request, the business is owned and operated by the commissioner's brother and it does not appear that the commissioner is pecuniarily interested in making such purchases as agent of the county.

. . .

It is therefore the opinion of this department that it is not illegal for a county commissioner to purchase emergency supplies for construction and repair of county roads as an agent of the county under authority of the court from a brother who owns and operates a business, where the commissioner is not pecuniarily interested in the contract.

Article 373 of the Penal Code was repealed with the enactment of the 1974 Penal Code (Acts 1973, 63rd Leg., ch. 399, p. 883, Sec. 3). Nothing has been enacted to replace it.

However, we are of the opinion that the statement of Opinion O-2856, quoted above, is still a correct statement of law. Article 373 of the Penal Code was (and is) not the only statute speaking to conflicts of interest. Art. 2340, V.T.C.S., reads:

Before entering upon the duties of their office, the county judge and each commissioner shall take the official oath, and shall also take a written oath that he will not be directly or indirectly interested in any contract with, or claim against, the county in which he resides, except such warrants as may issue to him as fees of office. Each commissioner shall execute a bond to be approved by the county judge in the sum of three thousand dollars, payable to the county treasurer, conditioned for the faithful performance of the duties of his office, that he will pay over to his county all moneys illegally paid to him out of county funds, as voluntary payments or otherwise, and that he will not vote or give his consent to pay out county funds except for lawful purposes. (Emphasis added)

Conflicts of interest or potential conflicts, are regulated by numerous other constitutional and statutory provisions. See, for example, Art. 3,

Sec. 18, Constitution of Texas; Article 988, 6252-9b, and 6447, V.T.C.S.

Furthermore, the rule against a public servant having a beneficial interest in a contract with his governmental entity exists as common law. 10 McQuillin, Municipal Corporations, Sec 29.97, p. 467, quoted in Delta Electric Const. v. City of San Antonio, 437 S.W. 2d 602 (Tex. Civ. App., San Antonio, 1969, err. ref'd., n.r.e.); 2 Dillon on Municipal Corporations, 5th ed. p. 1140 quoted in Attorney General Opinion WW-1362 (1962); Meyers v. Walker, 276 S.W. 305 (Tex. Civ. App., Eastland, 1925, no writ hist.). And see Crystal City v. Del Monte Corporation, 463 F. 2d 976 (5th Cir. 1972).

Unlike the nepotism statutes (Arts. 5996a, et seq., V.T.C.S.), the disqualification does not extend beyond the state employee himself. Normally, whether or not he has an interest would be a question of fact. However, the mere relationship of two brothers is not, in and of itself, sufficient to establish the prohibited interest.

Therefore, assuming it to be true that no county commissioner has an interest, direct or indirect, in the corporation which is owned by the brother of one of them and which is the proposed seller of the fuel, we find no basis in statute or at common law to find the contract invalid.

We refer you to the laws requiring bidding for the purchase of supplies by a county. Articles 1659, 2368a and 6716-1, V.T.C.S. And see Attorney General Opinion M-403 (1969).

### SUMMARY

Assuming compliance with all laws dealing with the bidding for the purchase of supplies by a county, a contract to buy fuel for a county made with a corporation in which a commissioner's brother owns the majority of the stock, is not void solely

because of the familial relationship when the
commissioner has no interest in the fruits of
the contract, either direct or indirect.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee